CASE 36—PETITION ORDINARY—SEPTEMBER 13.

# Kendrick vs. Fields.

APPEAL FROM PIKE CIRCUIT COURT.

In an action for damages for the wrongful taking and conversion of personal property, the defendant, although summoned, failed to appear and answer. The circuit court rendered a judgment *pro confesso* except as to the allegation of value, and continued the case for an inquiry as to the value of the articles taken. The judgment taking the petition for confessed was not only interlocutory, but was final as to the defendant's guilt, and as to the articles described as having been taken, and left nothing for litigation except the value of the property.

HARLAN & HARLAN,                                    For Appellant,

CITED—

*Civil Code, sec.* 153.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

After the conviction of the appellant on an indictment for stealing from the appellee various articles of merchandise, this action was brought for damages for the wrongful conversion.

At the appearance term, the appellant failing to answer, the circuit court rendered a judgment *pro confesso*, except as to the allegation of value, and continued the case for an inquiry as to the value of the articles taken. At the next term the appellant appeared, and offering to file an answer denying the allegations which had been taken for confessed, moved the court to set aside that judgment on his own affidavit of inability, by sickness, either to attend the court at the first term or to employ an attorney to represent him. The court having over-

ruled his motion, he moved for a continuance on the ground that " he had a subpœna issued for one ——, who was not in attendance, by whom he could prove that the plaintiff had said, on the morning after the goods were taken, that —— and —— had taken them, and in said conversation did not accuse the defendant of having taken or assisted in taking the goods sued for." The court refused the continuance, and the jury having assessed the value at $200, judgment was rendered for the amount so found. It seems to this court that the record presents no available error.

1. The judgment taking the petition for confessed was not merely interlocutory, but was final as to the appellant's guilt, and as to the articles described as having been taken, and left nothing for litigation except the value of the property. Consequently, after the expiration of the term at which it was rendered, the court had no power to vacate it except for some cause prescribed by the Code of Practice as sufficient for that purpose; and the only cause which could be applied to the ground relied on for vacation is " unavoidable casualty or misfortune preventing the party from appearing or defending," as prescribed by the *7th subsection of section* 579. But mere " sickness," as vaguely alleged, without any specification of its degree or its effect on the mind, cannot be judicially recognized as *per se* preventing the appellant from employing a representative and communicating to him the proper defense. As to the extent of the disability resulting from the alleged sickness, specific facts, and not the appellant's opinion, must determine the judicial mind, which cannot know that the sickness was such as prevented defense.

And as there was no apparent error in refusing to set aside the judgment *pro confesso*, which concluded all lit-

igation except as to the value of the goods thus admitted to have been taken, the testimony of the non-attending witnesses, even if it had been materially exculpatory and there had been due diligence in procuring the summons, was altogether irrelevant to the only question submitted to the jury; and, moreover, it would have been unavailing against the *prima facie* evidence furnished by the judgment of conviction on the indictment.

And the proof of the value of the property tacitly admitted to have been taken from the appellee by the appellant justified the assessment made by the jury.

Wherefore, the judgment is affirmed.